**Electronically Filed
Intermediate Court of Appeals
30617
16-JUN-2011
09:56 AM**

NO. 30617

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RONALD GOMES, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 09-1-0008(2) (CR. NO. 91-0374(2)))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)


Petitioner-Appellant Ronald Gomes (Gomes) appeals from the "Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief" (Order Denying Petition), which was filed on June 21, 2010, in the Circuit Court of the Second Circuit (Circuit Court).[1]  We affirm.

I.

Gomes was convicted of first degree sexual assault and manslaughter.  He was sentenced in 1996 to concurrent extended terms of life imprisonment, with the possibility of parole, for the first degree sexual assault conviction and twenty years of imprisonment for the manslaughter conviction.  Gomes filed a direct appeal, and in 1998, the Hawai'i Supreme Court, via summary disposition order, affirmed Gomes's conviction and

---

[1] The Honorable Shackley F. Raffetto presided.

sentence. Thereafter, Gomes initiated numerous post-conviction proceedings, seeking a reduction in his sentence and challenging the validity of his extended term sentences. See State v. Gomes, 107 Hawai'i 308, 310-12, 113 P.3d 184, 186-88 (2005) (describing a number of Gomes's post-conviction proceedings).

On May 8, 2009, Gomes filed the "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner [from] Custody" (Petition) at issue in this appeal. On June 21, 2010, the Circuit Court issued its Order Denying Petition, which denied the Petition without a hearing, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40(f) (2006).

II.

On appeal, Gomes argues that based on State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (hereinafter, "Maugaotega II"), the version of the statute under which his extended term sentences were imposed, Hawaii Revised Statutes (HRS) § 706-662 (1993), was void *ab initio* and thus the extended term sentences imposed on him were a nullity. Gomes requests that we vacate the Circuit Court's Order Denying Petition and order that he be resentenced to "ordinary term" sentences.

Upon review of the record and the briefs submitted by the parties, we hold as follows:

Maugaotega II does not apply retroactively to Gomes's collateral attack of his extended term sentences. See Gomes, 107 Hawai'i at 312-14, 113 P.3d at 188-90; Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005). The version of HRS § 706-662 under which Gomes's extended term sentences were imposed was not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 386-89, 406-15, 184 P.3d 133, 138-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54. Gomes's convictions and extended term sentences became final before the United States Supreme Court announced its

2

new constitutional rule of criminal procedure in Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus Gomes's extended term sentences were clearly constitutional and legal when imposed. Gomes, 107 Hawai'i at 314, 113 P.3d at 190.

In Jess, the Hawai'i Supreme Court held that the trial court had the authority to resentence Jess to extended terms of imprisonment pursuant to the former version of the extended term sentencing statute, HRS § 706-662 (Supp. 1996), which was in effect in 2000 when Jess committed the charged offenses, by the trial court's invoking its inherent judicial power to empanel a jury to make the "necessity" finding. Jess, 117 Hawai'i at 386-89, 410-13, 184 P.3d at 138-41, 162-65; see also State v. Mark, 123 Hawai'i 205, 249-50, 231 P.3d 478, 522-23 (2010). The supreme court could not have reached this conclusion in Jess if the former version of HRS § 706-662 was void *ab initio*.[2/]

Gomes's reliance on Maugaotega II is misplaced. The statement in Maugaotega II that the former version of HRS § 706-662 was "unconstitutional on its face" was premised on the supreme court's then-held belief that the Hawai'i Legislature only wanted to vest in the sentencing court, and not in a jury, the power to find the aggravating facts required to impose an extended term sentence. See Maugaotega II, 115 Hawai'i at 446-50, 168 P.2d at 576-80. Because the former version of HRS § 706-662 "in all of its manifestations" (i.e., each subsection of HRS

---

[2/] In Maugaotega II, the Hawai'i Supreme Court considered the Supp. 2003 version of HRS § 706-662. In 2006, the Hawai'i Legislature temporarily amended the Supp. 2003 version of HRS §§ 706-661 and 706-662 by enacting Act 230 (hereinafter, "Act 230"). 2006 Haw. Sess. L. Act 230, §§ 23-24 at 1011-13. The amendments to HRS §§ 706-661 and 706-662 made by Act 230 went into effect on June 22, 2006, and expired on June 30, 2007, at which time the Supp. 2003 version of HRS §§ 706-661 and 706-662 was reenacted. 2006 Haw. Sess. L. Act 230, § 54 at 1025. Subsequently, the Hawai'i Legislature enacted Act 1 of the 2007 Second Special Session (hereinafter, "Act 1"), 2007 Haw. Sess. L., Second Special Session, Act 1, at 1-4, which amended the reenacted Supp. 2003 version of HRS §§ 706-661 and 706-662 and also amended HRS § 706-664. Act 1 took effect on October 31, 2007. Unless otherwise indicated, our reference in this Summary Disposition Order to the "former version of HRS § 706-662" refers collectively to the pre-2006 versions of HRS § 706-662 at issue in Maugaotega II, Jess, Mark, and Gomes's case, which versions are not materially different for purposes of the supreme court's and our analysis.

3

§ 706-662) required the sentencing court to make the "necessity" finding in order to impose an extended term,[3] the court's belief that the Legislature only wanted the sentencing court to make the requisite extended term findings necessarily meant that each subsection of HRS § 706-662 was unconstitutional. See id. at 446-47, 168 P.3d at 576-77; Jess, 117 Hawai'i at 410, 184 P.3d at 162.

However, after Maugaotega II was decided, the Legislature clearly expressed its intent and desire that juries be empowered to make the findings necessary to impose extended term sentences by enacting Act 1 of the 2007 Second Special Session ("Act 1"), 2007 Haw. Sess. L., Second Special Session, Act 1, at 1-4. In Jess, the supreme court observed that the enactment of Act 1

> provides this court with a fresh, conclusive expression of legislative support for the use of juries as the trier of fact with respect to extended term sentencing fact-finding and allows us to conclude with confidence that empaneling a jury would closely effectuate policy judgments clearly articulated by the legislature, and that the legislature would prefer such a reformed version of the statute to invalidation of the statute[.]

Jess, 117 Hawai'i at 412-13, 184 P.3d at 164-65 (internal quotation marks, citations, brackets, ellipsis, and footnote omitted).

The court explained that its ruling in Maugaotega II, that the former version of HRS § 706-662 was unconstitutional in all of its manifestations, was based on its then-existing belief regarding the Legislature's intent. Jess, 117 Hawai'i at 413 n.27, 184 P.3d at 165 n.27. The court concluded that because the subsequent enactment of Act 1 had changed the court's understanding of the Legislature's intent, and because Act 1 provided conclusive evidence that the Legislature supported the empaneling of juries to make the requisite extended term

---

[3] In order to impose an extended term, each subsection of the former version of HRS § 706-662 required a "necessity" finding, that is, a finding that the imprisonment of the defendant for an extended term was "necessary for [the] protection of the public." See HRS § 706-662 (Supp. 2003).

4

findings, the application of the former version of HRS § 706-662, which the court had found unconstitutional in Maugaotega II, in resentencing Jess did not violate precedent or the principles of *stare decisis*. Id. In other words, the court in Jess concluded that because the Legislature, by enacting Act 1, clearly endorsed the empanelment of juries to make the requisite extended term findings, the former version of HRS § 706-662 could be judicially reformed and constitutionally applied by procedurally substituting a jury for the sentencing court as the fact-finder. See id.; Mark, 123 Hawai'i at 249-50, 231 P.3d at 522-23. The supreme court's holding in Jess, that the former version of HRS § 706-662 may be judicially modified and constitutionally applied, definitively establishes that the former version of HRS § 706-662, under which Gomes was sentenced, is not void *ab initio*.

III.

For the foregoing reasons, we reject Gomes's challenge to the validity of his extended term sentences. We affirm the Order Denying Petition filed by the Circuit Court on June 21, 2010.

DATED:  Honolulu, Hawai'i, June 16, 2011.

On the briefs:

Ronald Gomes
Petitioner-Appellant Pro Se

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

Associate Judge

5